■ CARYN ROSEN, Respondent, v RICHARD D. MOSS, M.D., et al., Appellants, et al., Defendants. [808 NYS2d 15]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about April 6, 2005, which denied defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Triable issues of negligence and causation are raised by plaintiff's expert's affidavit that plaintiff's complaints of missed periods warranted a blood work-up, which would have revealed elevated levels of FSH and led to discovery of the FSH-secreting pituitary tumor; that plaintiff's continued complaints of abdominal pain and distension warranted a pelvic ultrasound, which would have revealed the presence of ovarian cysts associated with the tumor; that the tumor existed for over a year prior to its discovery; and that bromocriptine has been shown to be successful in treating small FSH pituitary adenomas and avoiding the need for neurosurgery. On this record, it is possible to find that if the adenoma had been diagnosed earlier, it would have been smaller, allowing for its resection, which in turn would have stopped the formation of ovarian cysts associated with FSH secretion from the tumor and necessitating emergency gynecological surgery. Defendants' request for a *Frye* hearing on the efficacy of bromocriptine in treating FSH-secreting pituitary adenomas does not appear to have been considered by the motion court. This is a matter for the trial court. We do note, however, that even if drug therapy were not indicated and neurosurgery were an inevitability, triable issues would remain as to defendants' negligence, raised by evidence that blood work would have led to an earlier discovery of the tumor, permitting its surgical removal before its FSH secretion had caused the formation of ovarian cysts. Concur—Tom, J.P., Andrias, Friedman, Sullivan and Malone, JJ.